UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-84 (WMW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIANE L. KROUPA,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION REGARDING SENTENCING**

The United States of America, by and through its attorneys Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorneys Timothy C. Rank and Benjamin Langner, submits this supplemental sentencing memorandum responding to defendant Kroupa's position regarding sentencing.

Defendant Diane Kroupa requests that the court sentence her to 20 months' imprisonment, almost a year below the bottom end of the Sentencing Guidelines range of 30-37 months. The Court should not depart from the Guidelines in this case. For at least two reasons, justice demands a sentence within the Guidelines range.

First, and most importantly, it would be unconscionable for a person who served as a Tax Court Judge—who swore an oath to uphold the law and sat in judgment of others—to receive a more lenient sentence than an ordinary taxpayer. For this very reason, the defendant received a 2-level enhancement for abusing the trust placed in her as a judge. To negate that betrayal of trust by sentencing Kroupa below what she would have received without the enhancement (24-30 months) undermines the public's trust in the

administration of justice. If anything, her commission of this crime while sitting as a judge, and using her position to further the crime, warrants a sentence above the incremental increase imposed by the 2-level abuse of trust enhancement. Judges, like prosecutors and other public lawyers, are held to a higher standard. They must be in order for the judicial system to function. A sentence below the advisory Guidelines range would undermine the public's faith in the judicial system.

Second, the defendant, although paying lip service to acceptance of responsibility, repeatedly distances herself from blame. According to her sentencing position memorandum, she cheated on her taxes because of improperly diagnosed medical issues, her husband, and even her daughter. While some of these issues may have existed, they did not cause her to evade paying taxes. Many people have medical issues, family problems, and much more, and yet manage to pay their taxes. Kroupa's fundamental moral failing is that she felt entitled to lie to the IRS in order to support her profligate spending, despite doing so while enrobed with the authority of the Tax Court. She now seeks to falsely justify her actions. A case in point is her retirement, which she claims was due to "permanent disability." To be clear, she retired less than a month after agents from the IRS and Postal Inspection Service searched her residences in Minnesota and Virginia for evidence of tax fraud. Her decision to retire on disability was undoubtedly calculated to avoid losing retirement benefits if criminal charges were brought while she was still on the bench. The taxpayers above whom who Kroupa placed herself are now left to fund her retirement. The Court should not allow sentencing to become one more forum where the defendant attempts to escape responsibility for her own deliberate actions.

For the reasons set forth above, the government respectfully requests that defendant Kroupa be sentenced at the upper end of the advisory Guidelines range of 30-37 months.

Dated: June 21, 2017

Respectfully submitted,

GREGORY G. BROOKER
Acting United States Attorney

s/ *Timothy C. Rank*

BY: TIMOTHY C. RANK
Assistant U.S. Attorney